Richard R. Friess, ISB #7820
friess@thwlaw.com
THOMSEN HOLMAN WHEILER, PLLC
1000 Riverwalk Dr, Ste 300
Idaho Falls, ID 83402
Telephone: (208) 522-1230
Fax: (208) 522-1277

Attorneys for Defendant Gem State Staffing

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ADRIANUMEARISATA,<br><br>Plaintiff,<br><br>v.<br><br>GEM STATE STAFFING, IDAHO MILK PRODUCTS, and IDAHO HUMAN RIGHTS COMMISSION,<br><br>Defendants. | CASE NO. 1:20-cv-00547<br><br>DEFENDANT GEM STATE STAFFING'S MOTION FOR MORE DEFINITE STATEMENT<br>FRCP 12(e) |

COMES NOW, Defendant Gem State Staffing, separately from all other parties, by and through counsel of record, and submits the following Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). Defendant Gem State Staffing ("GSS") requests that this Court order Plaintiff to provide a more definite statement of his Complaint because it fails to comply with Federal Rule of Civil Procecure 8(a), contains ambiguities that prevent GSS from responding, and is unintelligible.

## **DISCUSSION**

Federal Rule of Civil Procedure 12(e) states in relevant part:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Rule 12(e) motions are "not favored by the courts since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim." *Griffin v. Cedar Fair , L.P.*, 817 F.Supp.2d 1152, 1154 (N.D. Cal. 2011). A motion for more definite statement is used to provide a remedy for an unintelligible pleading rather than a correction for lack of detail. *See Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma* , 644 F.Supp.2d 1177, 1191 (N.D. Cal. 2009).

Federal Rule of Civil Procedure 8(a) states:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

> (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Ninth Circuit Court of Appeals has explained that, to comply with Rule 8, "each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case...." *Bautista v. L.A. County*, 216 F.3d 837, 840 (9th Cir. 2000).

I. PLAINTIFF'S COMPLAINT IS UNINTELLIGIBLE, VAGUE, AMBIGUOUS, AND FAILS TO COMPLY WITH F.R.C.P. 8(a).

Plaintiff's Complaint is broken up into four sections identified by roman numerals. Section I is entitled "The Parties to This Complaint." It identifies the Plaintiff and the named Defendants. Section II, entitled "Jurisdiction," attempts to set forth the basis for this Court's jurisdiction as a question of federal law. Section III is entitled "Statement" and appears to contain numerous counts and allegations against the Defendants which are listed under Amendments to the United States Constitution. Section III is unintelligible in parts, vague and ambiguous in parts, and fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

    a. *Part 1*.

Section III begins with a statement that Plaintiff's constitutional rights were violated, immediately followed by short excerpts from the Fourteenth, Thirteenth, and Tenth Amendments of the United States Constitution and "count i" as follows:

> AMENDMENT 14, Section 4:   "...assume...obligations..."
> and/or
> AMENDMENT 13:   "Neither slavery nor involuntary servitude ...shall exist..."
> and/or
> AMENDMENT 10:   " The powers not delegated to the United States by the Constitution..."
>
> Count i) On September 20, 2017 I was obligated by the Gem State Staffing (GSS) to volunteer, based on my necessity to live through employment, for the boundaries which constitute violation to my liberties, by signing the policy (Citation B) including but not limited to:

*Complaint,* Dkt 1, pp. 4-5. This is followed by selected language from a GSS policy and some allegations regarding its effects:

> "GEM STATE STAFFING RULES & REGULATIOS... tasks with or without reasonable accommodation... CLAIMS AGAINST GEM STATE STAFFING CUSTOMERS ... forever discharge any claim ... against any customer of the Company ... DISPUTE RESOLUTION ... any disputes... including any claims of discrimination, harassment ... to be resolves by arbitration as ... sole remedy. The American Arbitration Association shall conduct the arbitration ... EMPLOYMENT VERIFICATION AUTHORIZATION...Gem State Staffing, or any representative...to contact ... present and past employer(s) for the purpose of confirming ...length of employment, wages and other relevant data." which:
>
> 1) abridges the right of equal applicability
>
> 2) abridges the right of a redress
>
> 3) abridges the rights of search and seizure ,
>
> 4) abridges the right against disparagement
>
> 5) delegates the powers prohibited by the United States
>
> 6) assumes illegal obligations

*Complaint,* Dkt 1, p. 5.

Plaintiff fails to state which part of the GSS policy abridges Plaintiff's rights nor does it state how the policy abridges his rights, leaving GSS to guess what Plaintiff is in fact alleging. Plaintiff also fails to state what specific powers are being delegated and why it is prohibited by the United States. Likewise, Plaintiff fails to state what legal obligations are being assumed, how they are being assumed, and why such assumption is unlawful. Moreover, the phrase "boundaries which constitute violation of my liberties" is unintelligible. There is simply no way to decipher was this means from the contents of the Complaint.

This allegation is vague and unintelligible. It does not contain a "short and plain statement of the elements of [Plaintiffs'] claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case...." *Bautista*, 216 F.3d at 840. Without any

clarification as to what is being alleged, GSS cannot reasonably be required to frame a responsive pleading.

      b. *Part 2.*

The next part of Section III contains the following:

> AMENDMENT 14, Section 1: "...any person...equal protection of the laws."
>
> Count i) The Gem State Staffing (GSS) assigned me to work at Idaho Milk Products (IMP) in the 2nd week of July 2019 from Friday the 12th to Saturday 14th. My employment was restrained by the derogatory attacks of the racial slurs at multiple times.
>
> Count ii) On Monday July the 15th 2019 after I reported a request to be assigned where equal employment opportunity is affirmed, the GSS sent me back to the IMP.
>
> Count iii) And again I was threatened with derogatory attacks of ethnic slurs on July the 17th 2019 as I returned to work.
>
> Count iv) One of the persons who was shouting the derogatory threats, confirmed screaming it in the presence of the manager of IMP, but was not ordered from the IMP's employment as I was.
>
> Count iv) GSS' policy is denying the right of appealing to a jurisdiction other than American Arbitration Association: if defendant was able to choose a place of a resolution for disputes against themselves, I shall not be denied the same. Provided, the ARTICLE III, Section 2: "... to controversies to which United States shall be a party ... [and between a State...and...Subjects.]" is within the Section 1 of the 14th AMENDMENT " All persons ... and subject to the jurisdiction...of the State wherein they reside ... nor deny...within its jurisdiction the equal protection of the laws ".

*Complaint,* Dkt 1, pp. 5-6.

Count iv of this section does not specify what GSS policy Plaintiff believes is denying him his right. It also fails to state what jurisdiction to which he should have a right to appeal. In addition, it appears to allege that he was denied the equal protection of the laws under the Fourteenth Amendment, but it is unclear who he is alleging denied him that right, the United States, the State, or GSS.

GSS cannot reasonably be required to respond to these allegations when it is not clear what GSS policy Plaintiff is referring to or what jurisdiction he believes he has a right to appeal, whether he is alleging that he was denied equal protection of the law, and if so, who denied him that right. The allegations are vague and ambiguous at best. Without any clarification as to what is being alleged, GSS cannot reasonably be required to frame a responsive pleading.

    c. *Part 3.*

The next part of Section III contains the following:

> **AMENDMENT 9 :** " The enumeration in the Constitution, of certain rights, shall not be construed to deny ... others retained by the people."
>
> **Count i)** The decision of the Idaho Humane Rights Commission, not finding a probable cause, which was based on the State's law (Citation C) Title 67 " STATE GOVERNMENT AND STATE AFFAIRS", Chapter 59 "COMMISSION ON HUMAN RIGHTS", 67-5909, not expressly discerning the accordance to act :
>
>> "67-5909. ... (1) For an employer to fail or refuse to hire, to discharge, or to otherwise discriminate..." by which a term fundamentally incapable to remain as "... refuse... to otherwise discriminate..." is not prohibited from applicability, also present in "67-5909. (2) For an employment agency to fail or refuse to refer for employment,

6 -    DEFENDANT GEM STATE STAFFING'S MOTION FOR MORE DEFINITE STATEMENT

> or otherwise to discriminate..." and further enlargement evident in "67-5909. (3)(c)(4)...; but a notice or advertisement may indicate ... discrimination...",
>
> when it is expressly delegated that equality is the right retained among liberties of independence, suggesting failure to establish rectitude of those rights certain in necessity.

*Complaint,* Dkt 1, p. 7.

This allegation is simply unintelligible. It does not comply with Rule 8 of the F.R.C.P. GSS cannot reasonably be required to frame a responsive pleading without Plaintiff clarifying what is being alleged.

    d. *Part 4.*

Section III of the Complaint continues on with the following allegations:

> **AMENDMENT 4:** "...particularly describing the place ...and the persons... "
>
> supports affirmation to all establishments of the equal employment opportunities, yet was denied because of a stage of GSS' policy abridging the right of employees to complain on the Company's clients:
>
> **Count i)** On July 17th 2019 the GSS management stated they could not write a complaint on the clients to which I was assigned to work, but the only remedy against derogatory treatment is not sending the employees to the same work place.
>
> **Count ii)** I have initiated a complaint to the Idaho Human Rights Commission on July 18th 2019, and about August 1st of 2019, when speaking on the phone with one of their employees, was advised that I could not file a complaint to actual employer of the person or the person who was violating the equal employment opportunity standards because of GSS' policies.

7 -   DEFENDANT GEM STATE STAFFING'S MOTION FOR MORE DEFINITE STATEMENT

> Count iii) On August the 2nd 2019, I asked the GSS' management to provide the name of the person who shouted derogatory threats and the company he worked for, to make a complaint myself, she stated again that she is not able to file a complaint on their clients because of the policies of the GSS.
>
> Count iv) The decision of Idaho Human Rights Commission, on May 1st 2020, not finding a probable cause.

*Complaint,* Dkt 1, p. 8.

Plaintiff does not explain how the phrases "particularly describing the place" and "and the persons" from the Fourth Amendment relate to contents of counts i through iv. Furthermore, these allegations do not specify what GSS policy or portion thereof Plaintiff believes violates the Fourth Amendment or how that policy violates the Fourth Amendment. It is simply impossible for GSS to determine exactly what Plaintiff is alleging and it therefore cannot reasonably frame a response.

    e.  *Part 5.*

The last part of Section III contains the following:

> AMENDMENT 1: "abridging ...the right...to assemble...a redress"
>
> Count i) On July 17th 2019 the GSS management stated I could not request them to make a complaint to their clients or client's employees.
>
> Count ii) When speaking with Idaho Human Rights Commission's employees, I was denied a right to file a complaint on the GSS' client's employee, because of the GSS' policy.

> Count iii) I have asked on August 2nd 2019 the GSS to provide me with the full name of the employee who shouted racial slurs and the company of his employment, to make a complaint myself, but was denied again because of the GSS' policy.

*Complaint,* Dkt 1, p. 9.

These allegations suffer from similar defects as the previous allegations. The relationship between the quoted language from the First Amendment and the allegations is unclear. The allegations do not specify what GSS policy Plaintiff believes violates the First Amendment or how that policy violates the First Amendment. They also fail to set forth the elements of a prima facie case. The allegations are vague, ambiguous, and fail to comply with Rule 8.

## CONCLUSION

Plaintiff's Complaint is so vague and ambiguous that GSS cannot reasonably be required or expected to frame a responsive pleading. A motion definite statement is required before GSS can do so. In addition, GSS cannot evaluate the claims and form any type of litigation strategy without knowing what Plaintiff is actually alleging. GSS therefore requests that the Court grant its Motion for Motion Definite Statement.

DATED: January 6, 2021.

THOMSEN HOLMAN WHEILER, PLLC

_____
Richard R. Friess, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2021, I caused a true and correct copy of the foregoing to be served on those listed below using the ECF/Pacer system:

Artem Andrianumearisata

                        THOMSEN HOLMAN WHEILER, PLLC

                        By: _____
                              Richard R. Friess, Esq.

RRF/7197.028/PLEADING/002 MOT DEF STATEMENT