LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB # 3586
Chief of Civil Litigation Division

ROBERT A. BERRY, ISB # 7742
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Fax: (208) 854-8073
robert.berry@ag.idaho.gov
Attorneys for Defendant
Idaho Commission on Human Rights

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ADRIANUMEARISATA,<br><br>Plaintiff,<br><br>v.<br><br>GEM STATE STAFFING, IDAHO MILK PRODUCTS, and IDAHO HUMAN RIGHTS COMMISSION,<br><br>Defendants. | Case No. 1:20-cv-00547-DCN<br><br>**MEMORANDUM IN SUPPORT OF IDAHO COMMISSION ON HUMAN RIGHTS' MOTION TO DISMISS COMPLAINT FILED DECEMBER 1, 2020 [DKT. 1] AND/OR MOTION FOR SUMMARY JUDGMENT** |

Defendant Idaho Commission on Human Rights ("IHRC"), by and through Deputy Attorney General Robert A. Berry, hereby submits this memorandum in support of its Motion to Dismiss Complaint filed December 1, 2020 [Dkt. 1] and/or Motion for Summary Judgment.

MEMORANDUM IN SUPPORT OF IDAHO COMMISION ON HUMAN RIGHTS' MOTION TO DISMISS COMPLAINT FILED DECEMBER 1, 2020 [DKT. 1] AND/OR MOTION FOR SUMMARY JUDGMENT – 1

**I.     INTRODUCTION**

Plaintiff filed a Complaint against the IHRC and other entities on December 1, 2020. (Dkt. 1.) Defendant IHRC now moves for dismissal and/or for summary judgment for many reasons. Dismissal is warranted under Rule 12(b)(4) of the Federal Rules of Civil Procedure,[1] because the summons mailed to the IHRC fails to contain the Court's seal and does not appear to contain the Clerk's signature as required by F.R.C.P. 12(a)(1))(F), (G). Further, the complaint mailed to the IHRC is not signed and does not appear to be a copy of the Complaint filed with the Court as required by F.R.C.P. 4(c)(1) and Rule 11. Dismissal is further warranted, because the unsealed summons and unsigned complaint were not personally served but mailed, and also failed to comply with Idaho's rule for serving governmental agencies. Even if process and service had been proper, Plaintiff's Complaint sounds entirely upon unclear rights that he contends are guaranteed under the United State Constitution. Regardless, the IHRC has not consented to suit and this Court lacks subject matter jurisdiction on any of his claims, because they are barred by the Eleventh Amendment. Further, his claims are also barred because they are untimely and the IHRC is otherwise immune under Idaho Code § 67-5912. Finally, the Complaint should also be dismissed for failure to state a claim because it does not assert a basis for the Court's jurisdiction as required by Rule 8(a)(1); it does not assert the nature of the claim as required by Rule 8(a)(2); and it does not specify the relief sought as required by Rule 8(a)(3). For all of these reasons, which are discussed in more detail below, the Court should dismiss Plaintiff's Complaint against the IHRC with prejudice.

---

[1] Unless otherwise noted, all rules of civil procedure refer to the Federal Rules of Civil Procedure.

MEMORANDUM IN SUPPORT OF IDAHO COMMISION ON HUMAN RIGHTS' MOTION TO DISMISS COMPLAINT FILED DECEMBER 1, 2020 [DKT. 1] AND/OR MOTION FOR SUMMARY JUDGMENT – 2

## II.     STATEMENT OF FACTS

The IHRC is an agency created in the Office of the Governor of the State of Idaho, which consists of nine members, all appointed by the Governor with the advice and consent of the Senate for three-year terms. *See generally* Title 67, Chapter 59, Idaho Code; Declaration of Benjamin Earwicker, PhD, in Support of Idaho Commission on Human Rights' Motion to Dismiss Complaint filed December 1, 2020 [Dkt. 1] and/or Motion for Summary Judgment ¶ 6 filed contemporaneously herewith ("Earwicker Decl."). The general mission of the IHRC is to help protect persons within the State of Idaho from illegal discrimination. (*Id.* ¶ 8.)

Plaintiff, Artem Andrianumearisata, filed a complaint with the IHRC that was subsequently investigated and resulted in the issuance of an Administrative Review and Commission Determination on May 1, 2020. (*Id.* ¶ 9.) The complaint filed with the IHRC by Plaintiff related to his employment with Gem State Staffing and a temporary staffing assignment at Idaho Milk Products beginning in July of 2019. (*Id.* ¶ 10.) Plaintiff alleged that he was subjected to a hostile work environment based on his race. (*Id.* ¶ 11.) Based upon the evidence submitted, the IHRC found no probable cause to believe that unlawful discrimination occurred. (*Id.* ¶ 12.) When the Administrative Review and Commission Determination was issued on May 1, 2020, it informed Plaintiff of his right to sue by including the following language: "Idaho law permits Complainants to file court actions, despite findings of 'no probable cause' by the Human Rights Commission. A private action under the Human Rights Act must be filed in court within 90 days of the date of issuance of this notice of administrative dismissal." (*Id.* ¶ 13.)

On or around December 21, 2020, the IHRC received by mail a summons without court seal and an unsigned complaint that appear to relate to the above captioned matter. (*Id.* ¶ 14.) The

IHRC has not received or been served with a sealed summons or signed complaint relating to the above captioned matter. (*Id.* ¶ 15.) The unsigned complaint received by IHRC contains no discrete or cogent theories or bases for any claim that potentially is alleged against the IHRC, except that it appears that Plaintiff claims unspecific civil rights guaranteed under the United States Constitution have been allegedly violated. (Earwicker Decl. ¶ 14, Ex. B.) No state law claims are alleged. (*See id.*) The request for relief against the IHRC is unclear. (*See id.*)

### III.   ARGUMENT

**A.   Plaintiff's Complaint should be dismissed under FRCP 12(b)(4) and 12(b)(5) for failure to properly effect process and service of process.**

   1.   Plaintiff failed to properly effect service pursuant to FRCP 12(b)(4).

Plaintiff failed to serve a summons on IHRC that bears the Court's seal, and the summons does not appear to be signed by the clerk. Further, the complaint mailed to the IHRC was unsigned and therefore cannot constitute a complaint for purposes of effecting process. For these reasons, process was improper.

A Rule 12(b)(4) motion under the Federal Rules of Civil Procedure challenges the form of process rather than the manner of service. *See, e.g.*, *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). Among the requirements of Rule 12(b)(4) is that the summons be signed by the clerk and that the summons bear the court's seal. F.R.C.P. 12(a)(1)(F), (G). In this matter, the summons mailed to IHRC fails to contain the Court's seal. (*See* Earwicker Declaration, Ex. B.) While it contains a signature, the last name is somewhat illegible; however, the signature appears to be that of Kim Tudela, who is listed as an operations specialist within the Clerk's office of the U.S. District Court and is not the Clerk or Deputy Clerk, which the form appears to require. Regardless, without the Court's seal, the summons is defective and therefore process is improper.

MEMORANDUM IN SUPPORT OF IDAHO COMMISION ON HUMAN RIGHTS' MOTION TO DISMISS COMPLAINT FILED DECEMBER 1, 2020 [DKT. 1] AND/OR MOTION FOR SUMMARY JUDGMENT – 4

Further, a summons must be served with a copy of the complaint. F.R.C.P. 4(c)(1); *see also McKinney v. DeBord*, 507 F.2d 501, 503 (9th Cir. 1974) (dismissing two named plaintiffs/appellants for failure to sign operative pleading). Rule 11 of the Federal Rules of Civil Procedure requires every pleading to be signed, even if that person is unrepresented ("or by a party personally if the party is unrepresented"). *Id.* The certification requirement prevents abuse in the filing of pleadings by requiring plaintiffs to certify to the court by their signature that they have read the complaint; their pleading is "well grounded in fact" and that it has a colorable basis in law; and has not been filed for an improper purpose. *See, e.g.*, *Smith v. Ricks,* 31 F.3d 1478, 1488 (9th Cir. 1994). It is undisputed that the complaint mailed to the IHRC is unsigned. (Earwicker Decl. Ex. B.) Accordingly, Plaintiff's failure to comply with the express mandate of Rule 11 constitutes insufficient process under Federal Rule of Civil Procedure 12(b)(4), since no complaint was or has been provided to the IHRC as required by Rule 4(c)(1) of the Federal Rules of Civil Procedure.

        2.      <u>Plaintiff failed to properly effect service of process pursuant to FRCP 12(b)(5)</u>.

Under Federal Rule of Civil Procedure 12(b)(5), the court may dismiss a complaint for insufficient service of process. "Where the validity of service is contested via motion pursuant to F.R.C.P. 12(b)(5), the burden is on the plaintiff (the party claiming proper service has been effected) to establish the validity of service." *Woodworth v. Subprime Lenders, Inc.*, No. CV07-520-S-EJL, 2008 WL 5054687, at *2 (D. Idaho 2008). "The plaintiff normally meets this burden by producing the process server's return of service." *Id.* "Unless some defect in service is shown on the face of the return, a motion to dismiss under F.R.C.P. 12(b)(5) then requires the defendant

to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service." *Id.*

A state-created governmental organization such as Defendant IHRC must be served in accordance with Rule 4(j)(2) of the Federal Rules of Civil Procedure, which provides for service as follows:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

*Id.* Idaho law allows service on the State and its agencies by delivering "2 copies of the summons and complaint to the attorney general or any assistant attorney general." I.R.C.P. 4(d)(4); *Joseph v. Boise State Univ.*, No. 1:12-cv-00267-EJL-MHW, 2013 WL 594225, at *3 (D. Idaho Feb. 15, 2014).

Service on the IHRC was improper and ineffective under either situation found in Rule 4(j)(2). As a party, Plaintiff could not serve the IHRC, yet this is what he attempted to do when he mailed a copy of the unsigned complaint and summons that lacked the requisite seal. *See* Dkt. 11, p. 5; F.R.C.P. 4(c)(2) ("Any person who is at least 18 years and not a party may serve a summons and complaint.") The unsigned complaint and summons without seal were mailed to the IHRC and not personally delivered to the IHRC's chief executive officer by a non-party individual as required by Rule 4(c). Accordingly, Plaintiff failed to effect proper service of the summons and complaint under subsection (a) of Rule 4(j)(2). As to the subsection (b), the proof of summons filed by Plaintiff clearly shows that the Attorney General was not served as required by Idaho law, since the IHRC is a governmental agency under the Executive Branch for the Governor of the State of Idaho. (Dkt. 11, p. 5; Earwicker Decl. ¶ 6.) On this basis too, service

was improper and ineffective. For all of these reasons, the Court should dismiss this matter based upon Rule 12(b)(5) of the Federal Rules of Civil Procedure.

**B.     Plaintiff's Complaint should be dismissed under FRCP 12(b)(1) and 12(b)(6) because it is barred by the Eleventh Amendment, the IHRC is immune from suit, and it fails to state a claim upon which relief may be granted.**

1.     <u>Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction based upon the Eleventh Amendment.</u>

States enjoy sovereign immunity; a private party cannot sue a State in federal court without the State's consent or a valid abrogation of sovereign immunity by Congress.  *Va. Office of Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011); *Richardson v. IDHW*, No. 2:10-cv-00648-BLW, 2012 WL 667874, at **1–3 (D. Idaho Feb. 10, 2012).  Rule 12(b)(1) is a proper vehicle for raising sovereign immunity because it is a "quasi-jurisdictional" defense.  *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).  "The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010).

A lawsuit against the IHRC is a lawsuit against the State of Idaho since it is a State agency. The IHRC is an agency created in the Office of the Governor of the State of Idaho, which consists of nine members, all appointed by the Governor with the advice and consent of the Senate for three-year terms. (Earwicker Decl. ¶ 6; *see* Idaho Const. art. II ("The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial . . . "); Idaho Code § 67-5903.)

 The State of Idaho has not consented to be sued in federal court.  *Bear Crest Ltd. LLC v. Idaho*, No. 4:18-CV-00469-CWD, 2019 WL 3220575, at *3 (D. Idaho July 17, 2019) ("The State [of Idaho] has not waived its immunity, and Plaintiffs do not contest that the Eleventh Amendment

bars their claims against the State of Idaho."); *see also* Idaho Code § 6–903(6) ("Nothing in this act shall enlarge or otherwise adversely affect the liability of an employee or a governmental entity. Any immunity or other bar to a civil lawsuit under Idaho or federal law shall remain in effect."); *Mazur v. Hymas*, 678 F. Supp. 1473, 1475 (D. Idaho 1988) ("[T]he Tort Claims Act specifically provides that immunities under federal law shall remain in effect.").

Further, States and state agencies are not considered persons under the provision of section 1983 and are immune from a section 1983 civil rights suit pursuant to the immunity granted by the Eleventh Amendment. *Drennon v. Blades*, No. 19-cv-00021-REB, 2019 WL 7195604, *4-5 (D. Idaho Dec. 26, 2019); *Bromgard v. Idaho Dept. of Correction*, CV-05-04-SBLW, 2006 WL 1343677, *5 (D. Idaho May 15, 2006).

This Court lacks subject-matter jurisdiction to hear Plaintiff's claims based on Eleventh Amendment sovereign immunity. The State of Idaho has not waived Eleventh Amendment immunity. Additionally, Plaintiff has not identified any proper basis for the Court's subject-matter jurisdiction, let alone authority showing that Congress validly abrogated the State's immunity with regard to Plaintiff's claims. Finally, and most importantly, the United States District Court for the District of Idaho has already considered claims against the IHRC in federal court and dismissed such claims. *See Bass v. Moore*, Case No. CV-05-182-S-BLW, 2005 WL 8165574, *2-3 (D. Idaho Dec. 15, 2005). As noted in *Bass*, "[t]he IHRC . . . did not waive immunity. As a State agency, the IHRC may not be subject to suit in federal court without its consent." *Id.* at *3. The claims against the IHRC were then dismissed for lack of subject matter jurisdiction. *Id.*

Because the IHRC is entitled to Eleventh Amendment sovereign immunity, Plaintiff's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

  2. <u>Plaintiff's Complaint should be dismissed because it is untimely and the IHRC is immune</u>.

While Plaintiff's Complaint is somewhat difficult to track, it is clear that the genesis for the present matter is related to an IHRC investigation and determination from May 1, 2020. (Earwicker Decl. ¶ 9.) The complaint filed with the IHRC by Plaintiff related to his employment with Gem State Staffing and a temporary staffing assignment at Idaho Milk Products beginning in July of 2019. (*Id.* ¶ 10.) In the IHRC matter, Plaintiff alleged that he was subjected to a hostile work environment based on his race. (*Id.* ¶ 11.) Based upon the evidence submitted the IHRC found no probable cause to believe that unlawful discrimination occurred. (*Id.* ¶ 12.) When the Administrative Review and Commission Determination was issued on May 1, 2020, the IHRC informed Plaintiff of his right to sue by including the following language: "Idaho law permits Complainants to file court actions, despite findings of 'no probable cause' by the Human Rights Commission. A private action under the Human Rights Act must be filed in court within 90 days of the date of issuance of this notice of administrative dismissal." (*Id.* ¶ 13.)

Since the Complaint in this matter was not filed until December 1, 2020, it is clear that Plaintiff failed to file this court action within 90 days of the IHRC's May 1, 2020 determination. Again, the specific cause of action is not clear from the Complaint, but for this reason too, Plaintiff may not proceed on his federal claims. *See Hurrle v. Snake River Restaurants, LLC*, Case No. 4:16-cv-220-BLW, 2017 WL 3723633 (D. Idaho Aug. 29, 2017) ("Whether suing on the basis of a right-to-sue letter from the EEOC or a state counterpart, the plaintiff must file suit within 90 days from receipt of the right-to-sue letter.")

Finally, to the extent Plaintiff seeks relief against the IHRC for its determination that probable cause did not exist, its members, personnel they employ and any State employees they

MEMORANDUM IN SUPPORT OF IDAHO COMMISION ON HUMAN RIGHTS' MOTION TO DISMISS COMPLAINT FILED DECEMBER 1, 2020 [DKT. 1] AND/OR MOTION FOR SUMMARY JUDGMENT – 9

utilize are immune from liability.  *See* Idaho Code § 67-5912 ("The members of the commission, the attorney general and any personnel they employ or state employees they utilize shall be immune from civil personal liability for any act performed or omitted in the course of carrying out the provisions of this act.")

For these reasons as well, Plaintiff's Complaint and all claims asserted against the IHRC should be dismissed.

3. Plaintiff's Complaint should be dismissed because it fails to state a claim under Rule 12(b)(6).

It is well established that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may bring a motion to dismiss a plaintiff's complaint where the complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  Even though a court must accept as true all of the allegations contained in a complaint, that principle is inapplicable to legal conclusions."  *Joseph*, 2013 WL 594225 at * 4.  Thus, dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

In *Joseph*, the court dismissed claims against the IHRC on a Rule 12(b)(6) motion and found that no amendment could cure them.  The defendants IHRC and Boise State argued, and Judge Williams found that the at-issue complaint was "quite difficult to understand."  *Id.* 2013 WL 594225 *4.  Judge Williams noted that the complaint did "not assert a basis for the Court's jurisdiction as required by Rule 8(a)(1)"; it did "not assert the nature of the claim as required by Rule 8(a)(2)"; and it did "not specify the relief sought as required by Rule 8(a)(3)."  *Id.* at *5.  The

court then noted that the defendants offered several grounds for dismissal, including Eleventh Amendment immunity; failure to allege action under color of state law; lack of evidence for deprivation of a privilege, immunity or right under federal law or the U.S. Constitution. *Id.* The court agreed with the defendants' analysis. *Id.* More specific, and similar to what appears to be at issue here, the court found that "Plaintiff is essentially dissatisfied with the IHRC's handling of her claim" and denied further leave to amend against the IHRC. *Id.* at *6.

Here, Plaintiff has failed to properly commence this lawsuit against the IHRC because of the failure serve a summons with the Court's seal and the also due to the failure to serve a signed complaint. Accordingly, process and service of process are improper, and this matter has not been properly begun against the IHRC. As no operative complaint on behalf of Plaintiff has been served, there are no cognizable legal theories before the Court or facts supporting any of the theories alleged. Even assuming that an operative complaint had been properly served, no relief may be granted against the IHRC, because the Eleventh Amendment bars any of the purported federal claims potentially alleged in this matter and the IHRC is otherwise immune from its May 1, 2020, decision. Finally, Plaintiff has not stated any cogent or specific claim aside from generally stating that his civil rights of the United States Constitution have been denied, but the relief that is requested against the IHRC is wholly missing and absent. (Earwicker Decl., Ex. B, p. 9.) Accordingly, Plaintiff has failed to assert any cause of action against the IHRC from which relief may be granted and therefore, dismissal of the claims alleged in the Complaint is proper and warranted under Federal Rules of Civil Procedure 12(b)(6).

/ / /

/ / /

/ / /

MEMORANDUM IN SUPPORT OF IDAHO COMMISION ON HUMAN RIGHTS' MOTION TO DISMISS COMPLAINT FILED DECEMBER 1, 2020 [DKT. 1] AND/OR MOTION FOR SUMMARY JUDGMENT – 11

## IV.     CONCLUSION

For all of the above reasons, Defendant IHRC requests that the Court dismiss Plaintiff's Complaint and all allegations against the IHRC with prejudice.

DATED this 29th day of January, 2021.

                                                            STATE OF IDAHO
                                                            OFFICE OF THE ATTORNEY GENERAL

                                                            By: _____*/s/  Robert A. Berry*_____
                                                                   ROBERT A. BERRY
                                                                   Deputy Attorney General

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard R. Friess
THOMSEN HOLMAN WHEILER, PLLC
friess@thwlaw.com


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CMF/ECF Registered Participant in the manner indicated:

**Via First Class U.S. Mail, postage prepaid and addressed as follows:**

Artem Andrianumearisata
235 Camarillo Way
Twin Falls, ID 83301

                                                                  _____*/s/  Robert A. Berry*_____
                                                                 ROBERT A. BERRY
                                                                 Deputy Attorney General