## BEFORE THE IDAHO HUMAN RIGHTS COMMISSION

| | | |
|---|---|---|
| **Artem M Andrianumearisata,** Complainant | Case Nos.: | E-0819-328; 38C-2919-00403 |
| vs. | | |
| | Basis: | Race (African American) |
| **Gem State Staffing and Idaho Milk Products,** Respondent, Twin Falls, Idaho | Issue: | Intimidation/Harassment |
| | ADMINISTRATIVE REVIEW AND COMMISSION DETERMINATION | |

## BACKGROUND

Complainant Artem Andrianumearisata (Andrianumearisata) was hired at Respondent, Gem State Staffing (GSS), staffing agency. GSS hired Andrianumearisata in 2017, and since employed Andrianumearisata in a variety of roles and projects. On July 13, 2019, Andrianumearisata began a temporary assignment at Idaho Milk Products (IMP). Andrianumearisata alleges he was subjected to race discrimination at IMP.

## Race – Intimidation/Harassment

*The issue is whether Andrianumearisata was subjected to a hostile work environment based on his race (African American).*

To establish his claim of harassment based on race, Complainant must prove that he was subjected to unwelcome ethnic slurs or other verbal or physical conduct relating to race/national origin which was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.

Andrianumearisata asserts he was harassed and intimidated because of his race. On July 17, 2019, while Andrianumearisata was in the breakroom at IMP two employees entered the breakroom and one of them shouted, "Lunch is over nigger, go back to work." Andrianumearisata confronted the employee and IMP sent Andrianumearisata home. Andrianumearisata alleges GSS and IMP failed to take action, allowing the harassment to occur and terminating his assignment at IMP.

GSS contends Andrianumearisata's performance at IMP was acceptable until July 17, 2019, when IMP contacted GSS regarding an incident involving Andrianumearisata. On July 17, 2019, Andrianumearisata assaulted an individual at IMP. The individual was an outside contractor, not an employee of IMP. A copy of the police report was submitted along with GSS's response. The

Artem M Andrianumearisata vs. Gem State Staffing/ Idaho Milk Products - Page 1

**EXHIBIT B**
**Page 1 of 4**

police report details Andrianumearisata came up from behind and punched Kenny Boyde (Boyde) on the left cheek, claiming Boyde called Andrianumearisata "nigger". Witness testimony in the police report indicates there was no confrontation prior to Andrianumearisata hitting Boyde. In a later phone call, Andrianumearisata told the police officer that he punched Boyde in the face and admitted Boyde was not speaking to him, just loud enough for everyone to hear. GSS contends it took prompt corrective action by assigning Andrianumearisata in a different job placement. At the time of the response submitted to the Idaho Human Right Commission Andrianumearisata maintained employment with GSS, but had not been placed back at IMP.

Analysis

It is unlawful to harass a person because of his race. Harassment can include, for example, offensive or derogatory remarks about a person's national origin, accent or ethnicity. Although the law doesn't prohibit simple teasing, offhand comments, or isolated incidents that are not very serious, harassment is illegal when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision.[1] Andrianumearisata admitted Boyde was not referring to him when he made the statement using the word "nigger". Although, an isolated incident would not normally create a hostile work environment, unless it is extremely serious (e.g., a racially motivated physical assault or a credible threat of one, or use of a derogatory term, such as the N-word, etc.).[2] There is no dispute the word "nigger" was used, and one incident alone is considered severe. Andrianumearisata did not allow GSS or IMP to take corrective action, however, and he took matters into his own hands by assaulting Boyde. An employer is liable for harassment by a co-worker if it knew or should have known of the harassment and failed to take immediate and appropriate corrective action. Here, Andrianumearisata did not allow GSS or IMP to take corrective action. The single isolated incident did not result in an adverse employment action, and Andrianumearisata continues to be employed and placed by GSS at job sites other than IMP. Thus, Andrianumearisata cannot prevail in his charge of harassment because of his race.

---

[1] https://www.eeoc.gov/laws/types/nationalorigin.cfm
[2] https://www.eeoc.gov/policy/docs/qanda_race_color.html

Artem M Andrianumearisata vs. Gem State Staffing/ Idaho Milk Products - Page 2

EXHIBIT B
Page 2 of 4

## COMMISSION DETERMINATION AND ORDER OF DISMISSAL

Based upon the evidence submitted, we find **no probable cause to believe that unlawful discrimination occurred**. Therefore, pursuant to the Rules of the Idaho Human Rights Commission, this case is **dismissed**. IDAPA Section 45.01.01.300.24.

### NOTICE OF RIGHT TO SUE

This determination concludes the processing of this charge. Idaho law permits Complainants to file court actions, despite findings of "no probable cause" by the Human Rights Commission. A private action under the Human Rights Act must be filed in court within 90 days of the date of issuance of this notice of administrative dismissal. Failure to comply with this timeline may cause Complainant to lose the right to go to court. Complainant should consult with an attorney if litigation is a consideration.

_5/1/20_
Date

_[signature]_
Benjamin J. Earwicker, Ph.D., Administrator
On behalf of the Commission

bh

### DETERMINACIÓN DE LA COMISIÓN Y ORDEN DE DESPIDO

Según la evidencia presentada, acertamos que **no hay causa probable en creer que discriminación ocurrió.** Por lo tanto, de conformidad con las Reglas de la Comisión de Derechos Humanos de Idaho, este caso **se descarta.** Sección de IDAPA 45.01.01.300.24.

### AVISO DEL DERECHO DE DEMANDA

Esta determinación concluye el procedimiento de esta querella. La ley de Idaho permite que Querellantes registren acciones judiciales, a pesar de hallazgos de "no causa probable" por la Comisión de Derechos Humanos. Una acción privada bajo el Acta de Derechos Humanos se debe registrar con una corte dentro de 90 días de la fecha de la emisión de este aviso de desecha administrativa. La avería de cumplir con esta línea de tiempo puede causar que Querellante pierda el derecho de acudir a los tribunales. Querellante debe consultar con un/a abogado/a si se considera el litigio.

Artem M Andrianumearisata vs. Gem State Staffing/ Idaho Milk Products - Page 3

EXHIBIT B
Page 3 of 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of May, 2020, I caused a true and correct copy of the foregoing document to be served as follows:

| | |
|---|---|
| Artem M Andrianumearisata<br>235 Camarillo Way<br>Twin Falls, ID 83301<br>timofficeemail@yahoo.com | [ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Via Facsimile<br>[X] Via E-mail |
| Gem State Staffing<br>Dustin R Cureton<br>4647 E 185 N<br>Rigby, ID 83442<br>Dustin@gss.jobs | [ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Via Facsimile<br>[X] Via E-mail |
| Idaho Milk Products<br>2249 South Tiger Dr.<br>Jerome, ID 83338 | [X] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Via Facsimile<br>[ ] Via E-mail |

_/s/ Theresa C. Hardy_

Artem M Andrianumearisata vs. Gem State Staffing/ Idaho Milk Products - Page 4

EXHIBIT B
Page 4 of 4