UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>    Plaintiff,<br><br>        v.<br><br>GEM STATE STAFFING, IDAHO MILK PRODUCTS, and IDAHO HUMAN RIGHTS COMMISSION<br><br>    Defendants. | Case No. 1:20-cv-00547-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Gem State Staffing's ("GSS") Motion for More Definite Statement. Dkt. 8. Plaintiff Artem Andrianumearisata failed to file a response to the motion in the allotted timeframe. Therefore, the motion is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to GRANT the Motion.

## II. BACKGROUND

On December 1, 2020, Andrianumearisata initiated the instance lawsuit. Dkt. 1. In his Complaint, Andrianumearisata states that GSS (a staffing agency) assigned him to work

MEMORANDUM DECISION AND ORDER - 1

at Idaho Milk Products. *Id.* at 5. It is difficult to understand what exactly took place at Idaho Milk Products, but it appears Andrianumearisata felt he was discriminated against because of his race. *Id.* at 6–8. It appears that Andrianumearisata complained of the situation to GSS and, feeling his concerns went unheard, filed a complaint with the Idaho Human Rights Commission. *Id.* The Idaho Human Rights Commission ultimately denied Andrianumearisata's claim.

Andrianumearisata now brings various constitutional claims against GSS, Idaho Milk Products, and the Idaho Human Rights Commission. *See generally id.* Again, it is difficult to distill exactly what constitutional violations Andrianumearisata believes occurred in this case, but it appears he is arguing that GSS had some type of policy that denied him certain rights and further, that the Idaho Human Rights Commission likewise violated his civil rights when they denied his claim. *Id.*

On January 6, 2021, GSS filed a Motion for More Definite Statement. Dkt. 8. In its Motion, GSS asserts that Andrianumearisata's Complaint does not comply with Federal Rule of Civil Procedure 8, and that it is so vague and ambiguous they cannot reasonably be expected to respond. *Id.* Andrianumearisata did not avail himself of the opportunity to respond to GSS's Motion.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

MEMORANDUM DECISION AND ORDER - 2

While a complaint need not be extremely detailed, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Pursuant to Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for more definite statement must "point out the defects complained of and the details desired." *Id., see also Biondo v. Kootenai Hosp. Dist.,* No. 1:17-CV-00039-BLW, 2017 WL 2198186, at *2 (D. Idaho May 18, 2017).

## IV. ANALYSIS

In the instant case, GSS asserts that Andrianumearisata failed to state how GSS's policy affected his rights or even which part of the policy he is relying on when making his claim. Dkt. 8, at 4. GSS also contends that Andrianumearisata failed to specify which "powers" were being delegated, what conduct was unlawful under the law, and how GSS had any legal obligations vis-à-vis whatever purportedly happened at Idaho Milk Products. *Id.* GSS concluded that it is unreasonable to require a response to such allegations when it is not clear what Andrianumearisata is referring to. *Id.* at 6.

The Court has reviewed Andrianumearisata's Complaint and agrees with GSS. Andrianumearisata asserted that GSS violated certain constitutional rights but his statements lack clarity and evidence. Andrianumearisata failed to list specific facts, events, people, or circumstances. Without more detail, GSS cannot reasonably, adequately, or

accurately respond. In short, Andrianumearisata's Complaint does not comply with Rule 8 or the standards set forth in *Twombly* as it is, frankly, impossible to decipher. The Court cannot allow such a complaint to move forward. *See McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (A complaint that is "argumentative, prolix, replete with redundancy, and largely irrelevant" does not comply with Rule 8; if "one cannot determine from the complaint who is being sued, and for what relief, and on what theory" then the complaint violates Rule 8).

The Court is mindful that Andrianumearisata is proceeding *pro se* and, as such, must construe his filings and motions liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse one from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, Andrianumearisata must still comply with the threshold pleading standards set out in Federal Rule of Procedure 8. Accordingly, he must not only provide sufficient detail in his complaint, but also put GSS on notice of the claims he has against it and the factual basis supporting those claims so that it can mount an appropriate defense.

## V. ORDER

Therefore, the Court HEREBY ORDERS:

1. GSS's Motion for More Definite Statement (Dkt. 8) is **GRANTED.**

2. Andrianumearisata shall file an amended complaint that substantially complies with the Court's above analysis within 30 days of the date of this order.

MEMORANDUM DECISION AND ORDER - 4

3. Failure to file an Amended Complaint may result in dismissal of Andrianumearisata's claims against GSS without further notice pursuant to Federal Rule of Procedure 12(e).

DATED: March 19, 2021

David C. Nye
Chief U.S. District Court Judge