U.S. COURTS

MAR 24 2021

Rcvd_____Filed_____ Time 10:36
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

United States District Court
for the
District of Idaho

Andrianumearisata Artem
   *Plaintiff*
   v
Gem State Staffing et al
   *Defendants*

Case No. 1:20 -cv-0547- REB

Reply in support of Plaintiff's Opposition to

Defendant IHRC's Motion to Dismiss.

AFTER Defendant IHRC, Plaintiff, Artem Andrianumearisata, under the F.R.C.P. 12(a)(1)(C) ,presenting this Reply Reestablishing in support of Opposition to Defendant IHRC's Motion to Dismiss.

I. Inquiry

Subject to and by the same rules, Defendant IHRC serving was proper. The efficiency in process of Defendant IHRC serving is confirmed. The court's subject matter jurisdiction is instituted by the Constitutional statutes as defective bars from the Defendant IHRC's practice. Defendant IHRC should have no immunity in Idaho code 67-5909 , by the term contrary to variety defense of the 14th Amendment . Ultimately, the Complaint renewed to reconcile with the F.R.C.P. 8. This court should continue the Complaint 1:20 -cv-0547- REB for Constitutional judgment.

II. Departure

A. The Complaint number 1:20-cv-0547-REB should continue for Constitutional judgment based on the F.R.C.P. 3, 4(b) ,11(a).

Defendants IHRC quality of facts revolting against its argument (*Reply Memorandum, p 2*). If the Defendant IHRC in possession of the summons which has signature of the courts clerk , the Plaintiff should not be required to affirm the proven fact, on every disregard of Defendant IHRC's to Rule 11(b)(1) (*Reply Memorandum ,p 2*). Relation of Defendant IHRC's alleging to the "operation specialist" , has no connection to Plaintiff's filing, recalling that on December 1,2020 , the Plaintiff was present at the Federal Court for the District of Idaho, stating to file the Complaint, which was evidentially filed (F.R.C.P. 3) (*Andrianumearisata , Note 3,4*) .

The duty of the Plaintiff by the F.R.C.P 4(b) was proper identifying a defendant, which attested by issued summons in the Defendant IHRC's exhibits. (*Reply Memorandum p2*). In that matter Defendant IHRC serving of a summons was effective.

To verify the omission of the Rule 11(a), Andrianumearistata has mailed signed copy of the Complaint on the 15th of the first month this year, to the Defendant IHRC's attorney, who should have received it the sooner on the 16th or after that in the same mouth *(Andrianumearisata Note 6)*. Prove of mailing the complaint to the Defendant's IHRC attorney, was submitted to the court on February 19, 2021 with the Reestablishment of the Complaint, and to be reaffirmed again with this Reply Reestablishment.

### 2. Plaintiff has notified Defendant IHRC serving according to the F.R.C.P. 4(i)(2), 4(i)(2), 5(c)

At this time Defendant IHRCs claiming to be ruined by the F.R.C.P 4(j)(2)(B) is only a dissatisfaction to such rule, the inclusion of the following prescription " or like process", which may designate to the 4(i)(2), United States and its subordinate with the process of a mailing, but humbly in no way conceived the Defendant IHRC any wrong by Plaintiff's notifying *(Reply Memorandum p3)*.

Further, that it is seen and known the IHRC has received the summons and the Complaint, the rule 5(c) is applicable, since the Defendant IHRC has numerous representatives, the summons and complaint has been served on proper parties identified after the Defendant IHRC serving 7.1(a). And so of the similar Defendant IHRC's process of appearing resembling the Rule 14(a) (1)(2), where a defendant may serve a party, particularly in this case by rule 5.1 the Idaho State attorney, which seems to be attorney Berry (*Berry, note 4*). Not disregarding the Plaintiff's request, submitted with the response to the Motion to Dismiss, to certify the filing by Rule 5.1(b), Defendant's IHRC serving of the summons and the Complaint is sufficient.

### B. In addition to the Constitutional bars stated in the Complaint, the Complaint should continue for Constitutional judgment based on 11th Amendment.

The difficulty of Defendant's IHRC following the allegations, may be in connection to construing the 11th Amendment as an obstruction to Plaintiffs Complaint (*Reply Memorandum p 4*). What contrast of authority the 11th Amendment alone to exercise over the 9th Amendment "shall not... deny", or the 1st Amendment's "petition the government" or "the powers not delegated" of the 10th Amendment? In that instance the Defendant IHRC not allowing to assess the charges against themselves, otherwise palpable as the violations stated in the Complaint (*Complaint*).

Andrianumearisata is a lawful resident in the state of Idaho and "a person" under the 14th Amendment (*Andrianumearisata, Note 1,2*). Defendant IHRC's legislative "status", is evident by previous conflicts, but which state should not have immunity for the term acquiescing against the civil rights of the Plaintiff *(Earwicker, note 6,7)* *( Reply Memorandum, p. 4)(Citation C, 67-5909)*

Finally, the Defendant IHRC is bared by the 11th Amendment, to commence any preventive actions to the Plaintiff's Complaint, in the extend that IHRC as an agency has obtained such term against the State, experienced by Idaho's code 67-5909, which should not have capability for practice *(Complaint, p 8, count i) (Citation A)*.

### C. Plaintiff filed the Complaint within the time given by the EEOC.

The EEOC has given to the Plaintiff a right to suit within 90 days from the date of receiving the notice, which was delivered to Plaintiff on September 6, *2020 (Andrianumearisata, Note 3,4)*. The Complaint filed on December 1, 2020, which shall have no further question if the Complaint filed within the time provided. Even if the Defendant IHRC to administer the last period of filing from the time the notice of a right to suit dated as September 4, 2020, the Plaintiff could not be accustomed to neglect of such provision. Further, the acknowledgment of the Defendant IHRC verified by the copy of that notice mailed with the response to the Memorandum.

### D. Plaintiff has applied in full the provision of the Rule 8,(1),(2),(3)

Have the Defendant IHRC consented for a failure to prove lack of service, the Plaintiff should not need such savings. The complaint titled in "VIOLATION OF CONSTITUTIONAL RIGHTS", containing the statutes there inhibited by the section A of "II. Jurisdiction" *(Complaint)*. The virtue of Plaintiffs resolution expressed: to find such legislative term and practice Unconstitutional.

### Annex

Plaintiff mailed a signed copy of the Complaint to Defendant IHRC in the First month of this year, with the response to the Motion for time extension. Prove of mailing sent to the court on February 19, 2021, and will be attached to this Reply Reestablishing. If for unknown reason the signed copy of the Complaint did not make it to the Defendant IHRC, and if the court determines that the Defendant IHRC still deprived of a notice, the Plaintiff request the court according to F.R.C.P. 4(m), to appoint a time within which the Defendant IHRC serving should be made again.

### III. Conclusion

Based on all of the reasons, the Complaint 1:20 -cv-0547- REB, should continue for Constitutional judgment.


Plaintiff Artem Andrianumearisata

Signature _____

March 20, 2021.

United States District Court
for the
District of Idaho

U.S. COURTS

MAR 24 2021

Revd_____Filed_____Time 10:30
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Andrianumearisata Artem
  *Plaintiff*
  V
Gem State Staffing et al
  *Defendants*

Case No.  1:20-cv-0547-REB

Opposition to Defendant
Idaho Milk Products'
Motion to Dismiss

AFTER Defendant Idaho Milk Products' Motion to Dismiss, the Plaintiff, Artem Andrianumearisata, according to F.R.C.P. 12(a)(4)(A), within the 6(a)(1)(C), is hereby Reestablishing the Complaint.

I HEBY CERTIFY, that on March 22,2021 I have mailed this document to the Defendant Idaho Milk Products' representative and to the United States District court for the District of Idaho.

Plaintiff Artem Andrianumearisata

Signature _____

March 22,2021

United States District Court
for the
District of Idaho

U.S. COURTS

MAR 24 2021
Rcvd_____Filed_____Time 10:36
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Andrianumearisata Artem
*Plaintiff*
V
Gem State Staffing et al
*Defendants*

Case No. 1:20 -cv-0547- REB

Reestablishing in support of Plaintiff's Opposition
to Defendant IMP's Motion to Dismiss .

I. Inquiry

Plaintiff Artem Andrianumearisata has filed the Complaint in December of the 2020, notifying defendants within the same month. The statement of the Complaint's resolution is fundamental in grounds for Constitutional relief. Defendant Idaho Milk Products (IMP) acknowledged to be a third party employer of the Plaintiff. While at the IMP business, the Plaintiff was threatened by a practice, which was based on heavy dislike of Plaintiffs ethnicity or race. Exertion of Defendant IMP in this matter is indisputable, because of such racially threatening incidents at the IMP, which was immune under the Gem State Staffing's (GSS) policy. Further, the allegations against the IMP in the Complaint reasoned and explained to meet the resolution sought.

II. Departure

Plaintiff has not worked for IMP or GSS since the July of 2019 (Complaint, count iii, p 9). While at the work sight of the IMP, the Plaintiff was threatened by the aggressive opinions of racial preference (Complaint, count i,p 5). Also distinguishing, that IMP was in need of work labor (Complaint, count i ,p 5). When Andrianumearisata was sent back to the IMP, one of the individuals at the work sight publicly attacked the Plaintiff's ethnicity again by shouting racial slurs (Complaint, count iii, p 6). Plaintiff, defended himself against an offending worker, who has given testimony in presence of the IMP's management about screaming such racial slurs (Complaint , count iv, p 6) . The IMP's management action was only to discontinue employment of Andrianumearisata, which is evident for illegal immunity under the GSS policy (Complaint, count iv, p 6). Defendant IMP's exercise of labor need was under the GSS policy which destroyed the Constitutional liberties of Plaintiff (Complaint, count i,ii,iii) (Complaint , A. The Constitutional statues violated) (Citation B).

Andrianumearisata has initiated a concern to IHRC. Once reviewing the decision of the IHRC , Plaintiff received notice of a right to suit , which was filed with the Complaint (Andrianumearisata , Note 3,4). Plaintiff mailed the summons with the copy of the Complaint to Defendant IMP on December 16,2020 (*see attached prove of mailing*).

III. Examination

The Complaint 1:20 -cv-0547- REB should continue for Constitutional judgment because Defendant IMP serving was efficient according to the F.R.C.P. 2, 4(c)(1), (2), 4(e)(2), 6(a)(1), 8(1), (2), (3).

A. Plaintiff has notified Defendant IMP under the F.R.C.P. 4(c)

Plaintiff has mailed the summons and the Complaint to the Defendant IMP on December 16,2020 *(Prove of mailing attached)*. The Rule 4(c)(1) refers to the time within the Rule 4(m), by which prescription the Plaintiff could not be deemed for neglect , reminding that a Complaint was filed on December 1,2020. Counting by the Rule 6(a)(1) , Defendant IMP was notified within 16 days after the filing . Provided the period of time appointed under the Rule 12(a)(1)(A) , the court should rule a default as to Defendant IMP, since the Defendant IMP failed to answer the allegation *( IMP Memorandum , Date).*

B. Plaintiff statement for resolution is express by violation of statues under Rule 8

The Amendments of and the Constitution must somehow find a reason for relief under Defendants IMP test for sufficiency (Complaint , p 3) . Defendant IMP rather disregarding the conformity to the Plaintiff's reasonable theory of redress: if A,B, and C , by liberty of justice, as the parties of the Complaint GSS,IMP and IHRC, brought to the jurisdiction of the court , but B wanted to vote itself out from violations stated in the Complaint, it would not be a legal theory in a state where good of all is ordered, however not applicable to the Plaintiff at this time, because the Plaintiff designated to preserve all parties accountable *(IMP Memorandum, p 2, p 4 ) (Complaint, I. The Parties to This Complaint).* Here, not only Defendant IHRC has been notified with summons and Complaint, but refused to provide cognizable answer within the time of the summons.

1. Plaintiff's filling proper by notice of a rights to suit under the Rule 2.

The infirmity of Defendant IMP's tactile , about facts alleged in the Complaint , making no sense to the Plaintiffs relief as violation of Constitutional rights *(IMP Memorandum, p 5).* From the late incidents of GSS policy and IMPs practice rousing those violations, the IHRC's decision in addition was a tribute to the activities and theory damaging to Anrianumearisata (Complaint).

Plaintiff urged IHRC to restore the liberties of the Constitution, destroyed by the GSS's policy and IMP's practice. When Plaintiff received the notice of a right to suit from the EEOC on September 6,2020 , it specified the period of 90 days, provided the F.R.C.P. 2 uniformity of action, Andrianumearisata has not elapsed from such prescription , by filing the Complaint on December 1,2020 *(IMP's Memorandum p 5)* .

2. Plaintiff's has presented each requirement of the Rule 8(1),(2),(3) , 4(1)(b) , 4(c)(2), 4(e)(2)

No easy way to deliver Defendant IMP from the facts of the Complaint *(Complaint ,count i, p 5, count iii,iv,p 6).* Those events damaged the Plaintiff's liberties in the division "II. Jurisdiction" *(Complaint p 4)*, specifically the section "A. The Constitutional statutes violated". The jurisdiction fully represented under the Rule 4(1)(b) , which is plain and short as a quote.

Regarding the Defendant IMP's desire on how the F.R.C.P. 8(a) ought to be effected, has no sound landing, engaging "simply" does not have relation to "plain" *(IMP's Memorandum p 6)*.

Similar reminding about the competence of a defendant serving stressed in both 4(c)(2) "who is not a party " and 4(e)(2) "individual personally", regarding the "general" applicability of 4(c) and "Unless" of the 4(e), the Plaintiff's notifying by any of those Rules is sufficiently proper. The distribution of Defendant IMP's argument goes that prove of service could not prevent dismissal of the Complaint (IMP's Memorandum p 4).

Defendant IMP ambition to see itself at the most defined allegations of the Complaint is predicted by undisputed "practice " of IMP according to the policy of GSS , which done readily no good to the essence Plaintiffs Liberties ( Complaint p 10). The suffering from the IMP's "contracting" under the GSS policy come no further but gone destroying the Constitutional liberties of Plaintiff, as to the 4th Amendment besides all others, it is the reasonable search and seizure of the Plaintiff that was denied by the instance of IMP's activities. Accordingly, discontinuing the Plaintiff from the work place alone , due to the hazard of ethnic threats by IMP's employees and contractors , where the derogatory practice was rendered indefeasible of deposing , is somewhat an evidence (Complaint , count iv, p 6).

The very view of Defendant IMP that applicability of proportions constituted to fall a practice counteracting in a business operating in a State, sometimes excepted, is no compliment to know better ( " However, he has not and cannot state a claim against IMP under the United States Constitution...", IMP's Memorandum p 9). If it is , the mercy of Defendant IMP's will, to pint out where such parts or shore of the land under the United States , at which Plaintiff may be best with the civil rights of Constitution. Provided the Defendant IMP's ease of giving to Plaintiff ability to doubt (IMP's Memorandum p 8), that a Government could appoint administrative positions for all.

The reasons why Defendant IMP belonging to this dispute authentically , besides those before mentioned , as follows: 1) Defendant IMP was and still is, since there was no request or designation from the Defendant for a third party Plaintiff, the "customer" of the GSS (Citation B, GSS' policy) 2) Plaintiff was attacked at the IMP by racial slurs and threats (complaint p5,p6) 3) Defendant IMP action was based on preference to "contractor" who used ethnic slurs and threats (Complaint p 6) 4) Defendant IMP made agreement with the GSS to entrusted the premises of Plaintiffs Constitutional liberties unattended , which provided illegal immunity to IMP ( Assignment Paper, Section 4) (GSS's Policy , Complaint p 5).

In that matter division " IV. Relief " based on the IHRC decision and rebuttal of the GSS, in both instances identifying IMP's involvement ( Complaint p 10). IMP was and still is , in the best knowledge of the Plaintiff, the "customer" of the GSS, since the answer from the IMP is wholly missing to the review of IHRC, which may be due to the GSS is removing the responsibility from the IMP by its policy (Citation B).

Accounting the physical realm to which Andrianumearisata was sent for work labor, is within the State of Idaho, specifically the IMP's production facility (Complaint p 6). Defendant IMP's need of housing the work related labor should be well regulated not to dissolve Plaintiffs defense under the prescribed Constitutional liberties. Defendant IMP has been deprived from illegal practices, however not alone, but in the uniformity of laws under the United States (Citation A).

Further the affection of Defendant IMP to unite in defense of IHRC does not work in the favor of Defendant IHRC: if Defendant IMP contends the IHRC had not reflected the civil rights on any person under the 14th Amendment, the Plaintiff should not be required to prove allegations against IHRC, it is evident (IMP Memorandum, p. 7,8).

Page **3** of 4

C. Defendant IMP should not need an alternative.

The nature of Defendant IMP's rest from the Independence of Constitution stated in full by the Complaint. Defendant IMP was conforming to and furnishing the practice of illegal obligations under policy of GSS, which reduced, prevented and dissolved the Plaintiffs liberties of the Constitution.

If the Court finds Defendant IMP still needs an alternative in definition of allegations, the Plaintiff requests the court that this Reestablishment be the answer to Defendant IMP as particularly definite. Ultimately, the Defendant IMP has failed to provide response against the allegation within the time granted in the summons, and the court must impose default judgment on the Defendant IMP, or to specify a time within which the Defendant IMP should be notified again.

## IV. Conclusion

Based on all of these reasons, the Complaint 1:20 -cv-0547- REB, should continue for Constitutional judgment.

I HEREBY CERTIFY, that on March 22, 2021 I have mailed this document to the Defendant IMP's representative and to the United States Court for the District of Idaho.

Plaintiff Artem Andrianumearisata

Signature _____

March 22, 2021

United States District Court
for the
District of Idaho

U.S. COURTS

MAR 24 2021

Rcvd_____Filed_____Time 10:30
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Andrianumearisata Artem
    *Plaintiff*
    V
Gem State Staffing et al
    *Defendants*

Case No.    1:20 -cv-0547- REB

Submitting Additional Evidence.

The Plaintiff Artem Andrianumearisata, within and by the response of the F.R.C.P 7.1(b), is hereby submitting additional document to the Citation List F:

1) Prove of mailing the summons and Complaint to the Defendant Idaho Milk Products

2) Prove of mailing the signed copy of the Complaint to the Idaho Human Rights Commission

3) Gem State Staffing's Assignment Paper

I HEREBY CERTIFY that I have mailed this document on March 22, 2021 to United States District Court for the State of Idaho.

Plaintiff Artem Andrianumearisata

Signature _____

March 22, 2021.