UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>Plaintiff,<br><br>v.<br><br>GEM STATE STAFFING, IDAHO MILK PRODUCTS, and IDAHO HUMAN RIGHTS COMMISSION<br><br>Defendants. | Case No. 1:20-cv-00547-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Defendant Gem State Staffing's ("GSS") Motion to Dismiss (Dkt. 31), Defendant Idaho Commission on Human Rights' ("IHRC") Motion to Dismiss (Dkt. 30), and Defendant Idaho Milk Products' ("IMP") Motion to Dismiss (Dkt. 32). Plaintiff Artem Andrianumearisata filed responses to all three motions. Dkts. 34, 35, 37. Therefore, the motion is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to GRANT each of the Defendants' Motions.

## II. BACKGROUND

On December 1, 2020, Andrianumearisata initiated the present lawsuit. Dkt. 1. GSS filed a Motion for a More Definite Statement on January 6, 2021. Dkt. 8. While GSS's Motion was pending, IHRC and IMP both filed Motions to Dismiss. Dkts. 15, 19. In due course, the Court granted GSS's Motion for More Definite Statement (Dkt. 22) and ordered Andrianumearisata to file an Amended Complaint in order to better apprise the defendants of the facts and legal theories upon which the Complaint was founded. *Id.* Andrianumearisata dutifully filed an Amended Complaint, although it closely mirrors the initial Complaint. Dkt. 29.

Andrianumearisata's Amended Complaint is as difficult to decipher as his initial Complaint. As far as the Court can tell, Andrianumearisata was employed by GSS during the relevant timeframe. GSS assigned Andrianumearisata to work at IMP on a short-term assignment. The initial Complaint and its attached documentation indicate that the incident at issue in this case occurred on July 17, 2019, in the breakroom at IMP where a racial epithet was directed towards Andrianumearisata. Dkt. 1-5. The incident appears to have culminated in a physical altercation between Andrianumearisata and the person that uttered the slur, after which Andrianumearisata was sent home. *Id.* Although Andrianumearisata's employment with GSS continued after the incident, the record indicates that he never returned to IMP. *Id.* However, the Amended Complaint does suggest that, prior to the July 17, 2019 incident, Andrianumearisata requested that GSS reassign him from the IMP job because of discrimination that had occurred there previously: "My employment was restrained by the derogatory attacks of the racial slurs at multiple times . . . . On Monday

July the 15th after I reported a request to be assigned where equal employment opportunities [are] affirmed, the GSS sent me back to the IMP." Dkt. 29.

Andrianumearisata later filed an administrative complaint with Defendant IHRC. The IHRC's Administrative Review and Commission Decision found that although there was no dispute that the racial slur was used and "[a]n employer is liable for harassment by a co-worker if it knew or should have known of the harassment and failed to take immediate and appropriate corrective action," Andrianumearisata "took matters into his own hands," and "did not allow GSS or IMP to take corrective action." *Id.* Thus, the IHRC found no probable cause that illegal discrimination had occurred and dismissed Andrianumearisata's claim. *Id.* The IHRC issued its Notice of Right to Sue on May 1, 2020. Dkt. 1-5, at 10.

Andrianumearisata now brings various constitutional claims against GSS, IMP, and the IHRC. Dkt. 29. Again, the Amended Complaint is only marginally more decipherable than the initial Complaint and it remains almost impossible to discern what constitutional violations Andrianumearisata asserts, the legal theory behind his claims, and what relief he seeks. The Amended Complaint cites Article III of the Constitution along with the First, Fourth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments as the basis for the lawsuit. *Id.* However, it fails to demonstrate how exactly the Defendants' behavior violated those provisions. The Amended Complaint also implies that Andrianumearisata was coerced into signing and agreeing to the GSS Rules and Regulations, based on his "necessity to live through employment." *Id*. at 2. Andrianumearisata alleges that the contract abridges various rights and "involuntarily makes a state of slavery." *Id.* Notably, the contract between GSS and Andrianumearisata provides that "any disputes arising out of

MEMORANDUM DECISION AND ORDER - 3

[Andrianumearisata's] employment, including any claims of discrimination, harassment, or wrongful termination that [Andrianumearisata] believe[s] [he] ha[s] against Gem State Staffing and all other employment related issues . . . will be resolved by arbitration as [the] sole remedy." Dkt. 1-5, at 14.

The relief that Andrianumearisata seeks is as nebulous as the rest of the Amended Complaint. He merely requests the Court to "dissolve the boundaries of suffering [that the Defendants] have secured and practiced the legislature which is injurious and deforming in its act. [He] pursue[s] a resolution to find such legislature and practice Unconstitutional." Dkt. 29, at 3.

On May 6, 2021, IHRC renewed[1] its initial Motion to Dismiss (Dkt. 15), arguing—among other things—that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because no discernable "basis in fact or law exists" for the claims brought in the Amended Complaint and because Andrianumearisata had again failed to state a cognizable claim. Dkt. 30.[2] Likewise, GSS filed a Motion to Dismiss the next day (Dkt. 31), arguing that the Amended Complaint failed to meet the pleading

---

[1] By filing his Amended Complaint, Andrianumearisata's original complaint became moot. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997) (explaining that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent"). Accordingly, any motions to dismiss the original complaint are, likewise, moot. *See Anderson v. Bank of Am., N.A.*, No. 215CV00198EJLREB, 2016 WL 7494304, at *1 (D. Idaho Jan. 13, 2016) ("When a plaintiff file an amended complaint . . . the amended complaint becomes the operative complaint and renders any pending motions to dismiss moot" (cleaned up). That said, because Andrianumearisata's Amended Complaint largely mirrors his original Complaint, Defendants did not file brand new motions to dismiss, but simply renewed or supplemented their prior motions. Under the circumstances, such a procedure was appropriate.

[2] Besides Rule 12(b)(6), the IHRC argues that the Amended Complaint should also be dismisses under Rules 12(b)(1), (4), and (5). Dkt. 15. The Court agrees, as discussed below, that Rule 12(b)(1) is an independent reason to dismiss the Amended Complaint with respect to the IHRC. The Court does not, therefore, reach issues presented by Rules 12(b)(4) and (5).

standards set forth in Rule 8(a) and that the case should be dismissed pursuant to rule 12(b)(6). Dkt. 31-1.[3] IMP followed with a supplement to its prior motion to dismiss on May 10, 2021. Dkt. 32.[4] Andrianumearisata responded to all three motions (Dkts. 34, 35, 37.) but, true to form, the responses were largely cryptic and unintelligible.

### III. LEGAL STANDARD

*A. Leave to Amend*

Where a plaintiff is proceeding pro se, the complaint must be liberally construed and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ballinger v. City of Oakland*, 398 F. Supp. 3d 560, 567 (N.D. Cal. 2019) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)). While it is true that pro se litigants should be liberally granted the opportunity to amend pleadings, "they are not entitled by law to multiple opportunities." *Stamos v. Citrus Heights Police Dept.*, 2005 WL 3429312, at 1 (9th Cir. 2005) (internal citations omitted).

---

[3] GSS's Motion argues that the in addition to Rule 12(b)(6), Rule 12(e) provides an independent basis for dismissal. Dkt. 31-1. As discussed below, the Court agrees.

[4] IMP also raises Rules 12(b)(5) and 12(e). Dkt. 32. The Court agrees with respect to Rule 12(e) and does not reach the Rule 12(b)(5) analysis.

B. *Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121. A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. In considering a Rule 12(b)(6) motion, the Court must view the complaint in the light most favorable to the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

C. *Sovereign Immunity and Rule 12(b)(1)*

States enjoy sovereign immunity, meaning that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). A State can waive its sovereign immunity and sometimes "Congress may abrogate it by appropriate legislation." *Virginia*

*Off. for Protec. and Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). If sovereign immunity has not been waived or abrogated, the State cannot be sued in federal court. *Id.*

The Ninth Circuit has held that although sovereign immunity is "quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). Of course, a Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

IV. ANALYSIS

   A. *Rule 12(b)(6)*

Defendants argue that Andrianumearisata's Amended Complaint fails to comply with the provisions of Federal Rule of Civil Procedure 8(a) and should, therefore, be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court agrees. While the Amended Complaint references alleged discriminatory treatment, it fails to assert a cogent basis for the Court's jurisdiction as required by Rule 8(a)(1). Moreover, even when construed in the most generous possible light, the Amended Complaint does not contain a statement of the claim that gives the Defendants "fair notice of what the . . . claim is and the grounds upon which it rests," as

required by Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Finally, the Amended Complaint does not specify the relief sought as required by Rule 8(a)(3).

Although the Amended Complaint contains a section entitled "Jurisdiction," that section fails to establish an intelligible basis for the Court's jurisdiction. Instead, the section first declares that the "Plaintiff states [that] the jurisdiction of the Court [is] based on" a list of short and disjointed excerpts from various constitutional amendments, ranging from the First to the Fourteenth. Dkt. 29, at 2. In equally confusing fashion, the section goes on to say that the "Plaintiff states the notice of a right to sue from U.S. Equal Employment Opportunity Commission." *Id*.[5] Even construing the Amended Complaint in the most liberal manner possible, the Court cannot rationalize how either statement possibly establishes the Court's jurisdiction.

Similarly, the Amended Complaint includes a section entitled "Statement of Claim," but it hardly provides "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* To the contrary, the section is a vague and convoluted assortment of allegations, none of which are framed in a cognizable legal theory. *Id*.[6] Indeed, it is only possible to begin to understand the claims by reference to the IHRC's Administrative Review and Commission Decision (Dkt. 1-5), which contained a

---

[5] The IHRC's Notice of Right to Sue (Dkt. 1-5, at 10) and the EEOC's Notice of Suit (Dkt. 1-6) indicate satisfaction of Andrianumearisata's administrative duties prior to filing a federal lawsuit, but neither document confers jurisdiction on the Court.

[6] The allegations range broadly. For example, Andrianumearisata first asserts that the Defendants violated all of the "constitutional rights" that he listed in the "Jurisdiction" section of the Amended Complaint. He then argues that he was coerced to sign his contract with GSS (Dkt. 1-5) "based on necessity to live through employment" and that the contract amounts to a "state of slavery." *See generally* Dkt. 29.

more clear explanation of the events at issue in the case. Even with the benefit of the IHRC's Decision, the Court cannot identify a cognizable legal theory under which Andrianumearisata brings the present claims.

Likewise, the final section of the Amended Complaint, entitled "Relief" fails to meet the requirement that the complaint make a "demand for the relief sought" as set forth in Rule 8(a)(3). Instead of specifying the relief sought against any of the parties, the Amendment Complaint amorphously asks the Court to "dissolve boundaries of suffering, specifically that Gem State Staffing, Idaho Milk Products and Idaho Human Rights Commission, have secured and practiced the legislature which is injurious and deforming in its act. I pursue a resolution to find such legislature and practice Unconstitutional." Dkt. 29, at 3. Simply put, it is unclear what Andrianumearisata is asking of the Court. As such, the Amended Complaint fails to satisfy the requirements set forth in all three subsections of Rule 8(a), and the Amended Complaint is subject to dismissal pursuant to the Defendants' Rule 12(b)(6) Motions.

  B. *Sovereign Immunity and Rule 12(b)(1)*

The IHRC also argues, and the Court again agrees, that Andrianumearisata's claims against it specifically are barred on sovereign immunity grounds. Courts in this District have already considered claims against the IHRC and dismissed the claims due to Eleventh Amendment immunity. *See, e.g, Bass v. Moore,* CV-05-182-S-BLW, 2005 WL 8165574 (D. Idaho 2005) (holding that because "Eleventh Amendment immunity is applicable [to the IHRC], the Court lacks subject matter jurisdiction."). There is no indication that the State of Idaho has consented to be sued or that the State's sovereign immunity has been

abrogated here. To the extent that Idaho Code § 67-5270 creates a right to judicial review of state agency actions and orders, it does so in state court. *See* Idaho Code Ann. § 67-5272 (West 2021) (stating that "proceedings for review or declaratory judgment are instituted by filing a petition in the district court of the county in which . . ."). Because the Ninth Circuit has held that Rule 12(b)(1) is a "proper vehicle" for invoking sovereign immunity, the Court also dismisses the claims with respect to IHRC under ruler 12(b)(1). *Pistor,* 791 F.3d at 1111.

   C. *Rule 12(b)(e)*

Finally, GSS (Dkt. 31-1) and IMP (Dkt. 32) assert that the Amended Complaint should be dismissed under Rule 12(e), which provides, in relevant part, that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). Once again, the Court agrees. The Court ordered Andrianumearisata to file an Amended Complaint that complies with Rule 8. Dkt. 22. The Court stipulated that "[f]ailure to file an Amended Complaint may result in dismissal of Andrianumearisata's claims against GSS without further notice pursuant to Federal Rule of Procedure 12(e)." *Id.*

Although the Amended Complaint was timely submitted, it was nearly identical in form and substance to the initial Complaint and did not comply with Rule 8(a) any more so than the initial Complaint. As such, the Courts' Order was not obeyed and the Court is at liberty to issue any other "appropriate order." Under these circumstances, dismissal is warranted.

*D. Leave to Amend*

As outlined above, the Court is required to freely grant leave to amend, especially to a pro se plaintiff, when it appears that the deficiencies in the pleading may be cured by amendment. However, even a pro se plaintiff is not necessarily entitled to multiple opportunities to amend. *See, e.g., Isbelle v. Denney*, 2020 WL 2841886 (D. Idaho, 2020) (denying a pro se litigant multiple opportunities to amend). Andrianumearisata was given an opportunity to amend via the Court's ruling on GSS's Motion for More Definite Statement (Dkt. 22), but the Amended Complaint failed to cure the litany of deficiencies in the initial Complaint. Still, the Court is sympathetic to Andrianumearisata's pro se status and will grant him leave to amend once more. If Andrianumearisata chooses to amend, the Second Amended Complaint must fully comply with the threshold pleading standards set forth in Federal Rule of Procedure 8 and must adequately address the concerns addressed in this decision. If the Second Amended Complaint fails to do so, all claims will be dismissed with prejudice.

Leave to amend the Amended Complaint does not apply to the claim against IHRC because that is not a claim that can be cured by amendment. It fails as a matter of law.

**V. ORDER**

Therefore, the Court HEREBY ORDERS:

1. GSS's Motion to Dismiss (Dkt. 31) is GRANTED.
2. IHRC's Motion to Dismiss (Dkts. 15, 30) is GRANTED.
3. IMP's Motion to Dismiss (Dkt. 19) is GRANTED
4. Andrianumearisata's Amended Complaint (Dkt. 29) is DISMISSED

WITHOUT PREJUDICE and leave to amend is granted as to all claims except the claim against IHRC.

DATED: June 30, 2021

David C. Nye
Chief U.S. District Court Judge