U.S. COURTS

SEP 07 2021
Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
IN THE STATE OF IDAHO
550 W. Fort St. Suite 400,
Boise, ID, 83724.

Andrianumearisata Artem
   *Plaintiff*
   **v**
Gem State Staffing
Idaho Milk Products
Idaho Human Rights Commission
   *Defendants*

Case: 1:20-cv-00547-REB

**Relief.**

After the Court's Decision, Order and Judgment, of August 17th, 2021, comes Plaintiff, Artem Andrianumearisata, submitting to the court, under F.R.C.P. 60, this Motion for Relief from the Judgment and for a proper account under the Rule 59.

**I. Inquiry.**

Plaintiff, Artem Andrianumearisata, filed the Complaint in December 1st, 2020, notifying the Defendants within that month. In the first month of 2021, Plaintiff received Defendant Idaho Human Rights Commission's Motion for Time Extension, which did not have subscribing and the seal of whom is granting it. In February 2021, Defendant IHRC, filed a Motion to Dismiss, questioning a sufficiency of serving the notice of the Summons and the Complaint, similar to Defendant's subsequent replies and papers. Plaintiff responded affirming the proper notifying to Defendant IHRC, by the F.R.C.P. 4, 8 and others *(Opposition to Defendant IHRC's Motion to dismiss) (Reestablishment in support of Opposition to Defendant IHRC's Motion to Dismiss) (Reply in support of Opposition to Defendant IHRC's Motion to Dismiss)*.

In February 2021, the Plaintiff notified the court of not having heard from defendants GSS and IMP *(Assertion of Artem Andrianumearisata in support of Opposition to Defendant IHRC's Motion to Dismiss)*. The Court disregarded the due notice from the Plaintiff, and imposed an order on the Plaintiff to amend the Complaint, for a purpose of better notifying the defendant GSS of the charges *(Memorandum Decision and Order, March 19, 2021)*. The order contained the following text:

"V. ORDER Therefore, the Court HEREBY ORDERS: 1. GSS' Motion for More Definite Statement (Dkt. 8) is GRANTED. 2. Andrianumearisata shall file an amended complaint that substantially complies with the Court's above analysis within 30 days of the date of this order. 3. Failure to file an Amended Complaint may result in dismissal of Andrianumearisata's claims against GSS without further notice pursuant to Federal Rule of Procedure 12(e)."

Plaintiff's objection of March 24, 2021, addressed the court to the fact that Plaintiff "has not received any response from the Defendant GSS" *(Objection to Decision for Defendant Gem State Staffing Motion for More Definite*

*Statement).*

Defendant IMP, has failed to respond to the charges of the Complaint in time of the summons. Defendant IMP's Memorandum to Dismiss, was filed in March of 2021. Which mostly repeating the inadequate allegations from Defendant IHRC: that serving of the Summons and Complaint to the Defendants was not sufficient, and that Plaintiff did not state a claim. Providing proof of mailing, the Plaintiff once more affirmed: the proper notifying to the Defendants, the jurisdiction, the claim, and the relief, according to the F.R.C.P. 4, 8 and others *(Reestablishing in support of Plaintiff's Opposition to Defendant IMP's Motion to Dismiss).*

The court did not account GSS's failure to serve the Motion for More Definite Statement to the Plaintiff, and did not provide an answer to Plaintiff's Objection (of March 24, 2021). Plaintiff, not receiving any response from the court for those matters, reaffirmed the Amendments of and the Constitution of the United States as a jurisdiction, claim and relief in the Amended Complaint (which should be a response to Defendant GSS' Motion for More Definite Statement, but which motion Defendant GSS did not serve to the Plaintiff).

Amended Complaint was followed by the Defendants IHRC's and IMP's supplemental replies, which appeared to be greatly deluded by a relation to a documents not served to the Plaintiff, where Defendants again attempting to bound the same unemployable "arguments" that Constitution could not "afford" the "relief". Plaintiff responded "disposing any simple or difficult attempts of " the Defendants to dismiss, the Plaintiff reasoned that Defendants have been informed with the "evidence" from the "Facts" of the Complaint *(Plaintiff's Reply to Defendant Idaho Milk Products' Supplemental Reply to Amended Complaint) (Plaintiff's Reply to Idaho Commission on Human Rights' Response to Complaint Filed April 22,2021).*

As the Defendants IHRC and IMP, Defendant GSS' Motion to Dismiss, and other documents, was based on unfounded beliefs and allegations that the Complaint does not have a "claim" and "relief", and that Constitution is not "a cognizable legal theory". Plaintiff, proving the "claim, facts and relief" by the "authority of F.R.C.P. 4.1(b), 8 and 12(a)(1)(A)(i)", has established the "practicable accountability" of the Defendants "for such injurious acts": that the "troubled contract and exercise" of the Defendants "illustrating the violations" to the Plaintiff's "qualities" under the "Amendments of and the Constitution" *(Reestablishment in support of Opposition To Defendant Gem State Staffing's Motion to Dismiss) (Reply in support of Opposition to Gem State Staffing's Motion to Dismiss) (Response to Defendant Gem State Staffing's Substitution of the Counsel).*

In July of 2021, the Plaintiff received the court's "Memorandum Decision and Order", which mostly was captured by the unsensible arguments from the Defendants about defective sufficiency of the Complaint's jurisdiction, claim and relief. The order granted Defendants' Motions to Dismiss, discharged Defendant IHRC, and dismissed Plaintiff's Complaint, however again suggesting that the Plaintiff should amend the Complaint. The decision and order of the court was not proper: that Defendants do not have immunity under the 11th Amendment to the Constitution (and other statutes in "jurisdiction" of the Complaint) to be dismissed, and that Plaintiff could not amend the Amendments of and Constitution *(Objecting the lack of Court's Finding/ Motion to Reverse the Decision or to Grant a new Court's Trial, by Plaintiff, Dated July 8,2021).*

Court denied the objection of July 8 and dismissed the Plaintiff's Complaint. The dismissal was based on the prior unsupported accusations from the Defendants, and on a measure that the objection "document is also not a motion" (Order of August 17, 2021) (Judgment of August 17, 2021).

## II. Departure.

In February 2021, Plaintiff presented to the court the Opposition to Defendant IHRC's motion to dismiss. Reestablishment, among the other papers of the opposition, reasoned that any "case growing out of Defendant IHRC's argument" to abrogate the Amendments of and the Constitution is not a just applicability of the law *(Reestablishment p 3)*, and that Plaintiff's complaint properly identifying the "jurisdiction", "claim", and "relief" by the F.R.C.P. 8(a). Which was followed by the Defendant's IHRC's reply of March 8, 2021, alleging again, that the complaint "has no cognizable legal theory" based on the "Rule 8" *(Reply in Support of Idaho Human Rights Commission to Dismiss, p 5)*, and as "an agency of the State of Idaho" the IHRC's act "is immune" from any "suit" *(p 4)*. Answered by the Plaintiff's Reply, that 11th Amendment to the Constitution of the United States, with the 14th Amendment, and others in the "jurisdiction" of the Complaint, is a bar to the Defendant IHRC *(Reply in support of Plaintiff's Opposition to Defendant IHRC's Motion to Dismiss, March 20,2021, p 2)*.

Defendant IMP's Memorandum of March 8, 2021, mostly repeating the contradicting punctuality of arguments from the Defendant IHRC's Motion: that the "Complaint fails to state a claim" by the "Federal Rule of Civil Procedure 8(a)" *(Defendant Idaho Milk Product's Memorandum in Support of Motion to Dismiss, p 6)*, and that Plaintiff's complaint has no "cognizable legal theory" (p 5). Plaintiff responded in March 22, 2021, among other reasons specifying: "The Amendments of and Constitution" as the jurisdiction of the Complaint, and the statement of the claim as a violation of those statues by the "facts of the Complaint", and the relief to find Defendants' "practice" and "policy" unconstitutional in this case *(Reestablishing in support of Plaintiff's Opposition to Defendant IMP's Motion to Dismiss, p 2, p 3)*. Defendant IMP, by the reply of April 6, 2021, attempted to advance the allegations that "the Complaint remains defective under Federal Rules of Civil Procedure 8" ( p 2), and that the Constitution of the United States is not "a cognizable legal theory"(p 3) *(Defendant Idaho Milk Products' Reply in Support of Motion to Dismiss)*. Plaintiff replied, ascertaining the "Complaint's established jurisdiction" (p 2), and precisely identifying which conditions "of racial and ethnic hostility", and which "poor passages of law" between the Defendants GSS and IMP, have violated the "Constitutional liberties of Plaintiff" *(Reply Reestablishment in support of Opposition to Defendant IMP's Motion to Dismiss)*.

In the order of June 30,2021, the Court relates to an instance that "IHRC renewed its initial Motion to Dismiss", but the Defendant IHRC did not have addressed standard of the Rule 50(b) for such action. The Rule 50 (b) includes the following standard: "(b) RENEWING THE MOTION AFTER TRIAL; ALTERNATIVE MOTION FOR A NEW TRIAL. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment - or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged - the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trail under Rule 59. In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law". The factual account of Defendant IHRC not having ground for such action is: 1) that Court's decision of March 19,2021 was not a "judgment", 2) the court's order of March 19, 2021 was based on disregard of the due process (Defendant GSS failed to serve the Motion under the Rule 12), 3) that the Plaintiff was not notified of the new trial: as the Rule 59 (d) prescribes "After giving the parties notice and an opportunity to be heard, the court may grant" the new trial. 4) defendant IHRC did not address new matters: in the reply of May 6, Defendant IHRC submitting no new matters for the Court's determination, precisely that "IHRC incorporates in full all of the arguments and reasons stated", and the "arguments and reasons contained" in Defendant's IHRC prior responses. Even if the court to consider Defendant IHRC's suggested document named "Reply Brief" as a new matter, Defendant IHRC failed to serve such document to the Plaintiff

(which was addressed to the court in the Plaintiff's Reply of May 18,2021). Therefore the court could not have "ruling" under the Rule 50 (b).

Similarly, Defendant GSS' Memorandum of May 7, 2021, listing the same unaccountable arguments that the "Complaint failed to comply with F.R.C.P. 8" (p 1), and that Constitution of the United States is an uncognizible "legal theory" (p 2) *(Defendant Gem State Staffing's Memorandum in Support of Motion to Dismiss)*. From the answer of May 21, 2021, the Plaintiff has reminded among the other reasons for relief, that "GSS has foretold the injurious contract on the Plaintiff", and that such contract violated "specific Constitutional statutes" in the Complaint's "jurisdiction", and that IMP's practice, from such theory, "threatened and racially degraded" Plaintiff *(Reestablishment in support of Opposition to Defendant Gem State Staffing's Motion to Dismiss)*. Defendant GSS continued to neglect the Amendments of and the Constitution, by not being able to account "what, if any, claims" stated "against Gem State Staffing" *(Defendant Gem State Staffing's Reply in Support of Motion to Dismiss)*. The Plaintiff's reply of June 14th, 2021, with the other papers, reasons and objections by the Plaintiff, according to the Complaint, held full "observing" of Defendant GSS's "doings", that "Amendments of and the Constitution" should not be "repugnant to Defendant GSS" in this case, that Defendant GSS falsely continues to view the "Jurisdiction", "Statement of Claim" and "Relief" as notwithstanding, and thus refusing the jurisdiction of the United States Constitution *(Reply in support of Opposition to Gem State Staffing's Motion to Dismiss)*.

### III. Examination.
1.The Court did not have precise review of facts submitted by the Plaintiff to impose the amending of the Complaint.

On February 19, 2021, the Plaintiff under Rule 12(a)(1)(A)(i), has notified the Court of not having any response from the Defendant GSS. On March 24, 2021 Plaintiff received the court's order to amend the complaint for a reason of not answering Defendant GSS' Motion for More Definite Statement. The next day, on March 24, 2021, Plaintiff mailed to the court the paper titled "*Objection to Decision for Defendant Gem State Staffing Motion for More Definite Statement*". In the Objection to Decision of March 24, 2021, Plaintiff reminding to the Court the facts from the Assertion of Artem Andrianumearisata, specifically that as of February 19, 2021 the Plaintiff did not have any response from the Defendant GSS. At the time Court Ordered IMP to be notified with the More Definite Statement of the charges, defendant IMP did not have sufficient evidentiary proof of serving the Motion for More Define Statement to the Plaintiff *(Assertion of Artem Andrianumearisata) (Objecting to Decision for Defendant Gem State Staffing Motion for More Definite Statement)*. Amending the Complaint was foretold on the Plaintiff, and Defendants could not under F.R.C.P. 50 or (or any other Rule) render or dismiss the Complaints.

2. Under the F.R.C.P 41, the Plaintiff did not consent to dismissal of the Complaint.

At most, the dismissal of the Complaint under section (b) of the F.R.C.P. 41 ("lack of jurisdiction, improper venue, or failure to join a party") is not proper, because the Plaintiff stated "jurisdiction" by the statutes of the complaint and presented proof of serving the summons on the Defendants to the Court, the "venue" of the Plaintiff's action provided by the F.R.C.P. 2, the Plaintiff's preferring of the specific statutes in "jurisdiction" is not required to "join" any third party plaintiff, and any other cause not served on the Plaintiff should not be operative by the F.R.C.P. 5(a)(E)(2) "failing to appear" and by the F.R.C.P 55(a) "failing to defend". The dismissal of Plaintiff's Complaints was not proper.

### 3. Plaintiff could not state breach to and foretelling of the peace by a means false to the Complaints' Jurisdiction, Claim and Relief.

Among the other inadequate arguments from the Defendant's Memorandum to dismiss, was a supposition that the Plaintiff has not stated a claim. The F.R.C.P. 8 does not include precept or examples outside of the extend: "jurisdiction", "claim" and "relief ". The dismissal of Plaintiff's Amended Complaint was not proper. Accordingly, the Plaintiff was badly disposed by the test from the Defendant's representation and exercise (IHRC's decision & policy, GSS' contract and IMP's practice), and a whole store of the facts presented in the Complaint's "Statement of Claim". The 14th Amendment to the Constitution extends its limits to the State of Idaho, in which the Defendants dealing the practice of heavy dislike, that caused the Plaintiff, among other injuries, to be in the financially unsounded credibility.

### 4. The factual account of Defendants theory and practice should not be admitted to dismiss the Complaint

Defendants, together, attempting to answer by a foreman of 11th Amendment to the Constitution, which is not answering in favor of Defendant's injurious policy and practice *(Citation B and C), (Amended Complaint, Statement of Claim, Facts)*, but rather prevents the Defendants from further gross inequality of such application.

### 5. The court should not be displaced by the Defendants' proposed exercise to omit the Amendments of and the Constitution.

Defendants' acceptance of only 11st Amendment, is a full breach to representation of equal division of other Amendments of and the Constitution *(Complaint, Jurisdiction)*, therefore, the Defendants do not have privilege or protection under F.R.C.P. 45(e)(2) (or any other Rule), to omit, withhold or render any information presented to the Court by the Plaintiff.

### 6. In accordance to the Defendant's Memorandum the court obliged the Plaintiff by an order, to ratify Amendments of and the Constitution, which Plaintiff does not have consent into States.

In the Court's Memorandum from March 19,2021, (and subsequently in the Memorandum from June 30,2021), the court appearing to be dissatisfied about the jurisdictional statutes of both Complaints, ordering the Plaintiff to amend the Complaint according to the Rule 8. Again, by the Rule 47, the court did not examine the claim, jurisdiction and relief prospectively. Defendants, together, attempting to consult the Court to encounter a shaking of a statutes in the "jurisdiction" as a sufficiency of a trial. Not even a desperate opinion that "the law of the land" could and shall be a distraction to Defendant's overpressing the jurisdiction of such civil foundation. Defendant's proposition to omit the "jurisdiction" of the Complaint, should not have a vouch of protection.

### 7. Defendants did not attend the relief of the complaint for a Court's dismissal.

The F.R.C.P. 57 relates obtaining a Judgment according to Amendments of and the Constitution by the F.R.C.P. 38 and 39, and it is evident that Plaintiff previously defined sought relief from the United States District Judge. Accordingly, the F.R.C.P. 39 contains a designation for a "Trial" by "the Court", specifically requested by the Plaintiff, without an advisory and effect from other parties.

## IV. Proper Account under the Rule 59

The equality is the principle of the "supreme law of the land". A manner of Defendants' qualifying this trial, is a breach to the Constitution of the United States without any penalties. The Defendants did not attend the Constitution anew to their injurious practice (IHRC's policy, GSS' contract, and IMP's practice), and even after being notified, continuing the hard belief that Constitution is not a cognizable legal theory. Even if regarding the Defendants' Motion to Dismiss as a motion for a new trial (it is not), it remains unacceptable as the fact that the Orders of the Court *(March 19, 2021, June 30, 2021)* requesting the Plaintiff to "amend" the Amendments of and the Constitution of the United States (and which Plaintiff does not have consent in the States), but nowhere in that mentioning is a specific designation for a new trial.

The Constitution of the United States could not tell the Defendants' act (IHRC's policy, GSS' contract, and IMP's practice) is right, but Defendants' discontent (for instance IMP's belief that "the U.S. Constitution, is legally deficient", and similar arguments from other Defendants) should not in any manner be an interruption to the "jurisdiction" of Plaintiff's Complaint. A new trial could not be cultivated to the advantage of the Defendants: that the Defendants' sittest questionnaire and answers is not standing to the sovereign equality required by the government's Constitution. Defendant IHRC's attempt to lay the Rule 50(a) for the Court's procedure, has no jurisdiction for enforcement, and should be distempered by the reasonable fact of Plaintiff's "Relief" which is identifying Constitutional Judgment (of the Rule 57).

Defendant IMP failed to provide response in time of the summons under Rule 12, and the court did not responded to Plaintiff's request to rule a default to the Defendant IMP (Plaintiff's Defining of February 18, 2021). Defendant GSS failed initially to serve the Motion for More Definite Statement to the Plaintiff. The Court disregarded the due process of Plaintiff's notifying of not receiving any response from Defendant GSS, and ordered Plaintiff to amend the Complaint because of supposition that the Complaint "does not comply with Rule 8" (the jurisdiction, claim and relief). In the subsequent order of June 30, the court again dissatisfied with a "lack of jurisdiction" (p 7) of the Amendments of and the Constitution, and that the Amended Complaint (again, which should be a response to Defendant GSS' Motion for More Definite Statement, but which motion Defendant GSS did not serve to the Plaintiff) "was nearly identical in the form and substance to the initial Complaint" (p 10), this Order fails to recognize the fact that the Plaintiff does not have consent into States to ratify the Amendments of and the Constitution of the United States.

Even if the Court to consider Defendants' appeal to disconnect from the Plaintiff's preceding Complaint (moreover they could not), the certain equality of independent Constitution should not have protection to the Defendant's undue, untimely, and unjust process evidently breaching to the Plaintiff's Constitutional liberties. Thus, with all of the reasons, objections and requests of the Plaintiff, the District Judge should account the proper "Relief" of the Plaintiff's Complaints under Rule 59.

Artem Andrianumearisata
235 Camarillo Way,
Twin Falls, ID, 83301

U.S. MARSHAL
District of Idaho

SEP 0 7 2021

EXAMINED

UNITED STATES DISTRICT COUR[T]
550 W. Fort St., Suite 400,
Boise, ID, 83724.



U.S. POSTAGE PAID
FCM LG ENV
TWIN FALLS, ID
83301
SEP 02, 21
AMOUNT
$1.36
R2304M111455-06

1005
83724