UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEM STATE STAFFING, IDAHO MILK PRODUCTS, and IDAHO HUMAN RIGHTS COMMISSION,<br><br>　　　　Defendants. | Case No. 1:20-cv-00547-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Artem Andrianumearisata's Motion for Relief from Judgment. Dkt. 46. Defendant Idaho Human Rights Commission filed an opposition to the Motion (Dkt. 48), which Defendant Gem State Staffing joined (Dkt. 49).

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons stated herein, the Court DENIES Andrianumearisata's Motion.

## II. BACKGROUND

On December 1, 2020, Andrianumearisata filed suit. Dkt. 1. Shortly thereafter, Defendant Gem State Staffing filed a Motion for More Definite Statement (Dkt. 8) which

the Court granted (Dkt. 22). In its decision, the Court indicated Andrianumearisata needed to amend his complaint to provide "sufficient detail[s]" that would put Gem State Staffing "on notice of the claims he has against it and the factual basis supporting those claims." *Id*. at 4. Andrianumearisata subsequently filed an Amended Complaint. Dkt. 29

Various other motions to dismiss and/or for more definite statement followed. *E.g.,* Dkts. 15, 19, 31, 31. The Court ultimately issued a Memorandum Decision and Order granting Defendants' various Motions to Dismiss. Dkt. 41. And even though the Court had previously afforded Andrianumearisata an opportunity to amend his complaint against Gem State Staffing (Dkt. 22), *and* even though his Amended Complaint "failed to cure the litany of deficiencies" the Court previously identified, the Court elected to give Andrianumearisata another chance to amend his Complaint as to all Defendants in an effort to afford him every possible opportunity to pursue his claims. Dkt. 41, at 11. The Court indicated that if Andrianumearisata's Second Amended Complaint failed to "adequately address the concerns addressed in [its] decision," all of his claims would be "dismissed with prejudice." *Id.*

Thereafter, Andrianumearisata filed an objection to the Court's order. Dkt. 43. A Second Amended Complaint never followed. The Court ultimately found that Andrianumearisata had not complied with its order and determined it was appropriate to dismiss his case in its entirety. Dkt. 44. The Court entered judgment. Dkt. 45.

Andrianumearisata recently filed a document entitled Motion for Relief from Judgment. Dkt. 46. Defendants collectively oppose the Motion. Dkts. 48, 49.

///

MEMORANDUM DECISION AND ORDER - 2

### III. LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Because Andrianumearisata does not identify whether his motion is brought pursuant to Rule 59(e) or Rule 60(b), the Court briefly outlines both standards.

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (cleaned up). Further, relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

Rule 60(b) "provides for reconsideration only upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which

would justify relief." *Sch. Dist. No. 1J*, 5 F.3d at 1263 (cleaned up). Like Rule 59(e), Rule 60(b) relief is extraordinary and may only be granted upon an adequate showing of exceptional circumstances. *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n. 1 (9th Cir. 1989).

Under both Rule 59(e) and Rule 60(b), the moving party bears the burden of establishing grounds for relief. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* at 1131 (cleaned up).

## IV. ANALYSIS

Andrianumearisata cites to Rule 59 and Rule 60 in support of his Motion for Relief from Judgment. Dkt. 46, at 1. These citations are accurate. Beyond that, however, it is difficult to discern the basis for Andrianumearisata's request. After reviewing the general history of this case, Andrianumearisata outlines seven areas of concern. *Id*. at 4–5. These arguments are difficult to decipher and range from vague (and incorrect) assertions that Andrianumearisata did not consent to dismissal of his case (so the Court shouldn't have dismissed), to accusations that the Court "obliged the Plaintiff by an order, to ratify Amendments of and the Constitution, which Plaintiff does not have consent into States." *Id*. at 4–5. The Court has taken the time to review Andrianumearisata's Motion and has endeavored to discern his reasons for seeking reconsideration.

Ultimately, none of the statements submitted by Andrianumearisata in his motion

justify relief under Rule 59. No new evidence has been provided. There has been no change in controlling law. Most importantly, Andrianumearisata does not identify any error by the Court that needs to be reconsidered. At most, he levies vague allegations that the Court did not follow certain procedures correctly. These statements—with sweeping (and largely inapplicable) references to the United States Constitution—are insufficient to justify the relief he seeks. The Court correctly determined that Andrianumearisata's claims against Defendants were legally and/or factually lacking and he has not pointed out anything to call those conclusions into question.

For the same reasons that relief under Rule 59 is improper, relief under Rule 60 is equally improper. Andrianumearisata has not identified any mistake, inadvertence, surprise, excusable neglect, or exceptional circumstance that would require the Court to revisit its prior decision in this matter.

Finally, it is worth noting that the Court provided Andrianumearisata with not one, but two opportunities (or in the case of Gem State Staffing—three opportunities) to cure the errors in his Complaint/s. It afforded him every opportunity to pursue his claims. Ultimately, however, Andrianumearisata failed to cure the deficiencies identified by the Court, or present appropriate causes of action under Rule 8 of the Federal Rules of Civil Procedure.

Nothing has changed since the Court's prior ruling and Andrianumearisata has failed to present any reasonable justification warranting another review. Relief under Rule 59 or Rule 60 is, therefore, inapplicable and inappropriate. The Motion must be DENIED.

# V. ORDER

1. Andrianumearisata's Motion for Reconsideration (Dkt. 46) is **DENIED**.

DATED: November 8, 2021

_____
David C. Nye
Chief U.S. District Court Judge